J-A23038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                   :  PENNSYLVANIA
                                                   :

v.                            :

JOSHUA JOHN MARANEY        :

       Appellant         :  No. 22 WDA 2025

Appeal from the PCRA Order Entered January 2, 2025
In the Court of Common Pleas of Greene County Criminal Division at
No(s):  CP-30-CR-0000377-2020

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:       **FILED:  November 25, 2025**

Appellant, Joshua John Maraney, appeals from the post-conviction court's order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the pertinent facts of Appellant's case, as follows:

> On November 24, 2020, the Pennsylvania State Police were called to a residence at 487 Donham Road, a home located in Monongahela Township in Greene County, for the report of a burglary in progress.
>
> Once the police arrived[,] they were informed that [Appellant] was still within the building.  When the Pennsylvania State Police entered the home, they found [Appellant] inside the home.  There were obvious signs of [forced] entry, and [Appellant] was hiding under a coffee table and covered by clothing.  He did not cooperate with law enforcement.  When he was ultimately taken into custody[,] he was searched incident-to-arrest and drug paraphernalia was found in [Appellant's] pockets[,] and [Appellant] had cuts on his hands and/or arms consistent with the broken glass where [Appellant] entered the property.

PCRA Court Opinion and Order (PCOO), 1/2/25, at 2.

On August 4, 2021, Appellant pled guilty to criminal trespass (18 Pa.C.S. § 3503(a)(1)(ii)), resisting arrest (18 Pa.C.S. § 5104), and possession of drug paraphernalia (35 P.S. § 780-113(a)(32)).  That same day, he was sentenced to 6 to 23½ months' incarceration, followed by two years' probation.[1] Appellant did not file a direct appeal and, thus, his judgment of sentence became final on September 3, 2021.  **See** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (requiring that a notice of appeal "be filed within 30 days after the entry of the order from which the appeal is taken").

---

[1] We note that over the years following the imposition of Appellant's sentence, he has repeatedly violated the terms of his parole/probation and been resentenced.  It appears that he is now serving the probationary portion of his sentence.  **See** PCOO at 4 (stating that Appellant "has continued to violate his supervision and is now in the probationary portion of his sentence"); Appellant's Brief at 12 (stating that after Appellant's resentencing on August 19, 2024, Appellant was given credit for time served and released to serve "the rest of his probationary sentence").  We note that the issue(s) Appellant seeks to raise herein pertain to his original conviction and, therefore, we assess the timeliness of his instant PCRA petition not from his resentencing following his parole violation, but from the imposition of his original judgment of sentence on August 4, 2021.  **See Commonwealth v. Faust**, No. 1254 EDA 2020, unpublished memorandum at 5 (Pa. Super. filed Dec. 1, 2020) (observing that "a petitioner may file a PCRA petition **asserting claims relating to resentencing proceedings** within one year of the date that the new judgment of sentence becomes final") (emphasis added); **see also** Pa.R.A.P. 126(b) (directing that unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

On February 16, 2023, Appellant filed a *pro se* PCRA petition. The court initially dismissed that petition without a hearing on March 30, 2023, and Appellant filed a timely, *pro se* notice of appeal. On January 9, 2024, this Court vacated the PCRA court's order, concluding that the court had erred by failing to appoint Appellant counsel for his first PCRA petition, as Pa.R.Crim.P. 904(C) requires. ***See Commonwealth v. Maraney***, NO. 725 WDA 2023, unpublished memorandum at 5 (Pa. Super. filed Jan. 9, 2024). We remanded for the appointment of counsel and further proceedings. ***Id.***

On remand, counsel was appointed, and he filed an amended PCRA petition on Appellant's behalf on May 14, 2024. However, Appellant had absconded and was a fugitive at that time; thus, the court took no further action on the amended petition until Appellant was taken into custody on July 19, 2024. On November 18, 2024, a PCRA hearing was conducted. On January 2, 2025, the court entered an order and opinion denying Appellant's petition.

Appellant filed a timely notice of appeal on January 7, 2025. That same day, he also filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On January 9, 2025, the court issued a Rule 1925(a) opinion, indicating it was relying on the rationale set forth in its January 2, 2025 opinion to support its decision to dismiss Appellant's petition. Herein, Appellant states two issues for our review:

> 1 Whether the [PCRA] court erred in finding that … []Appellant's *pro se* PCRA petition was untimely as being filed outside of the one (1) year time limitation of the PCRA[,] 42 Pa.C.S. § 9545(b)[,]

- 3 -

and that the two (2) exceptions asserted by … []Appellant, namely 42 Pa.C.S. § 9545(b)(1)(i) and (ii), do not apply to extend the time limitation under the PCRA.

2. Whether the [PCRA] court erred in failing to find that … []Appellant's pre-trial and plea counsel, Marissa Stewart, Esquire, had rendered ineffective assistance of counsel to him such that his guilty plea was not knowingly, intelligently and voluntarily entered.

Appellant's Brief at 8.

To begin, we note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007).

Appellant first argues that the court erred in dismissing his petition as untimely because has met two exceptions to the PCRA's one-year time-bar. The PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, as stated *supra*, Appellant's judgment of sentence became final on September 3, 2021, and thus, he had until September 3, 2022, to file a timely petition. Consequently, his petition filed on February 16, 2023, is facially untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant argues that he meets the governmental-interference exception of section 9545(b)(1)(i), and the newly-discovered-facts exception of section 9545(b)(1)(ii). The PCRA court summarized the basis for Appellant's claims, as follows:

> [Appellant] essentially pins his hopes on PCRA relief, by indicating that since the time of his guilty plea and sentence, he has learned

- 5 -

that Roy St. Clair resided in the home that [Appellant] entered and was not the actual homeowner as alleged in the affidavit of probable cause.

[Appellant] then theorizes that if [Mr. St. Clair] was not the deeded property owner[,] then [Mr.] St. Clair had no authority to contact the police when [Appellant] broke a window and entered the home. [Appellant] now believes this fact would suggest that [Appellant] committed no crime.[2] [Appellant] indicates that he was late in the filing of this PCRA Petition for two separate reasons, governmental interference and unknown facts, and that either of these two exceptions to timeliness permit[s] his untimely PCRA [p]etition to move forward.

PCOO at 4.

Regarding the governmental-interference exception, Appellant contends that he was unable to discover, "until January or February of 2023[,]" that Mr. St. Clair did not own the property because "agents of the government, namely the employees of the Greene County Prison[,] prevented him from having access to the law library facilities at the jail in contravention of his rights under the Pennsylvania and U.S. Constitutions." Appellant's Brief at 21. Appellant avers that his inability to access the law library lasted "for a six (6) month period from June 2022 to January 2023[,]" and "without this governmental interference, [he] would have been able to research and discover the truth concerning the ownership of the property and could have filed his petition within the one (1) year time period under the PCRA." *Id.* According to Appellant, he "first learned of this ownership issue with the subject property

---

[2] We note that Appellant does not explain why Mr. St. Clair's ownership of the property impacts the validity of his convictions. Notwithstanding, we will accept, for argument sake, that Mr. St. Clair's lack of ownership of the residence would have had some exculpatory value for Appellant's defense of the charges he faced.

on February 14, 2023, which would have been within thirty (30) days of his filing of his *pro se* PCRA petition on February 16, 2023." ***Id.*** at 21-22. Thus, he claims that the governmental-interference exception is met.

Appellant's argument is unconvincing. Initially, the PCRA rejected Appellant's argument because "access to the Greene County Prison law library would not provide information with regard to ownership [of] the property to which [Appellant] entered." PCOO at 7-8. In response, Appellant only baldly "asserts that the court's reasoning is flawed" and that it is "not supported by the record, nor was it free from legal error." Appellant's Brief at 23-24. Because Appellant makes no attempt to elaborate on these arguments, we discern no error in the PCRA court's determination.

Moreover, Appellant fails to demonstrate that his restriction to the law library was illegal, as required to meet section 9545(b)(1)(i). ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1095 ("[The a]ppellant fails to show any of the conditions of his incarceration were illegal, as required to meet the governmental interference exception to [the] PCRA's timeliness requirement.") (citing 42 Pa.C.S. § 9545(b)(1)(i)). Although Appellant baldly claims that his constitutional rights were violated by his allegedly being precluded from accessing the prison law library, he does not elaborate on this argument in any way, thereby waiving it. ***See Commonwealth v. Puksar***, 951 A.2d 267, 293-94 (Pa. 2008) (stating the failure to develop a claim waives it). Therefore, Appellant has not proven that he meets the governmental-interference exception to the PCRA's one-year time-bar.

In regard to the newly-discovered fact exception, Appellant does not develop any argument pertaining to the applicability of this exception. Thus, he has also waived this claim for our review. ***See id.***

Because Appellant has failed to prove the applicability of any timeliness exception, we cannot address the merits of his second issue alleging the ineffectiveness of his plea counsel. Accordingly, we conclude that the PCRA court did not err in dismissing Appellant's untimely petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/25/2025